IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Alexis Carberry, | ) | Case No. 0:23-cv-04565-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Darlington County School District Represented, Tim Newman, Carla Jefferson, Brian P. Murphy, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on motions by Defendant Brian P. Murphy to dismiss and for permanent injunction [Docs. 9; 12; *see* Docs. 16; 17; 34; 55], a motion by Defendants Darlington County School District Represented, Tim Newman, and Carla Jefferson to dismiss [Doc. 13], and a motion by Plaintiff for a temporary restraining order [Doc. 40; *see* Doc. 44]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On January 24, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' motions to dismiss be granted; that Plaintiff's claims dismissed with prejudice; and that Murphy's motion for permanent injunction be granted and an injunction issued directing Plaintiff that (1) she may not file civil litigation against Murphy in any court without leave of this Court, (2) she must file any future actions naming Murphy in this Court, and (3) any violation of this pre-filing injunction will subject her to the contempt powers of this Court. [Doc. 35.] The Magistrate Judge advised the

parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 37.] On February 5, 2024, the Clerk filed a document from Plaintiff titled "Objection to R&R/Motion for TRO Brian P. Murphy/Notice of Appeal."[1] [Docs. 39; 40; 41.] Murphy filed a response opposing the motion for temporary restraining order on February 12, 2024. [Doc. 44.] On February 21, 2024, Defendants Darlington County School District Represented, Carla Jefferson, and Tim Newman filed a reply to Plaintiff's objections to the Report. [Doc. 48.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)). Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a

---

[1] The Clerk filed this same document at Docket Entry Numbers 39, 40, and 41 as an objection to the Report [Doc. 39], a motion for a temporary restraining order [Doc. 40], and a notice of appeal [Doc. 41]. The Fourth Circuit Court of Appeals subsequently dismissed Plaintiff's appeal for failure to prosecute. [Doc. 54.]

party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245.

## **DISCUSSION**

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations. Other than re-stating her factual allegations and the arguments she made before the Magistrate Judge, Plaintiff has failed to address any of the substantive findings and recommendations in the Report. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motions to dismiss [Docs. 9; 13] are GRANTED; Plaintiff's claims are DISMISSED with prejudice; and Murphy's motion for permanent injunction [Doc. 12] is GRANTED and an injunction issued directing Plaintiff that (1) she may not file civil litigation against Murphy in any court without leave of this Court, (2) she must file any

future actions naming Murphy in this Court, and (3) any violation of this pre-filing injunction will subject her to the contempt powers of this Court.  Because Plaintiff's action is dismissed, her motion for temporary restraining order [Doc. 40] is FOUND AS MOOT.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge,

August 14, 2024
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.